IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2018 JUN 12 PM 3:42

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
COLUMBUS

| | |
|---|---|
| VINCENT LUCAS,<br>   Plaintiff,<br><br>   v.<br><br>TRICIA MOORE,<br>   in an individual capacity,<br><br>MARCIA J. PHELPS,<br>   in an individual capacity and in her<br>   capacity as Clerk of Court for Licking<br>   County Municipal Court,<br><br>LICKING COUNTY, OHIO, and<br><br>CITY OF NEWARK, OHIO,<br>   Defendants. | Case No. 2:18 cv 582<br><br>Judge Watson<br><br>MAGISTRATE JUDGE VASCURA<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Violation of the Federal Driver's Privacy Protection Act (18 U.S.C. §§ 2721-2725)** |

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein arising under federal law, pursuant to 28 U.S.C. § 1331. This venue is appropriate pursuant to 28 U.S.C. § 1391 because the actions giving rise to this litigation occurred in Licking County, Ohio.

### FACTS

2. The federal Driver's Privacy Protection Act ("DPPA") is part of the Violent Crime Control and Law Enforcement Act of 1994. The DPPA was passed, in part, as a reaction to the murder of TV actress Rebecca Schaeffer by a stalker who obtained her personal information from DMV records. The DPPA limits the disclosure of information deemed "personal information" or "highly restricted personal information" under 18 U.S.C. § 2725, and these limitations help protect drivers from a variety of crimes, including stalking and identity theft.

1

3. At all relevant times, Tricia Moore ("Moore") was an assistant prosecutor for Licking County, Ohio.

4. At all relevant times, Marcia Phelps ("Phelps") was the clerk of courts for Licking County Municipal Court.

5. On July 4, 2014, I was charged with a minor misdemeanor traffic offense. I disputed the ticket and demanded a trial. The case was assigned to Tricia Moore.

6. Tricia Moore obtained a copy of my driving record from the Ohio Bureau of Motor Vehicles ("BMV").

7. I sent Tricia Moore a demand for discovery. Tricia Moore served upon me a response to my demand for discovery ("discovery response"). The discovery response contains a copy of the driving record that Moore obtained from BMV, although I did not request that in my demand for discovery. The copy of the driving record contains "highly restricted personal information" under 18 U.S.C. § 2725(4), including my Social Security Number (SSN) and medical information (pertaining to my eyesight). The driving record also contains information which is "personal information" under 18 U.S.C. § 2725(3), including my social security number, driver's license number, name, full address, date of birth, height, weight, eye color, hair color, and medical information.

8. Although I did not realize it at the time, Tricia Moore filed an **unredacted** copy of the discovery response, which includes an **unredacted** copy of my driving record with the Licking County Municipal Court on July 29, 2014. Tricia Moore did not file the document under seal, and did not make any effort to prevent the "personal information" and "highly restricted personal information" contained in the discovery response from being disclosed to the public.

2

9. Once Moore filed the discovery response with the court, it became a public record. Any member of the public could see the discovery response merely by coming to the courthouse and asking to see the court records pertaining to my case. In other words, any member of the public could learn my Social Security Number, date of birth, license number, and other "personal information" under the DPPA, which Moore obtained from the BMV, by asking to see the court records pertaining to my case.

10. My driving record was not used by either side at trial.

11. Making my Social Security Number and other "personal information" available to the public served no purpose pertaining to the prosecution of the traffic case. Moore had no legitimate reason, pertaining to the prosecution of the traffic case, for making my Social Security Number and other "personal information" available to the public.

12. In addition, the Licking County Clerk of Courts obtained from the BMV "personal information" under the DPPA, including my name, full address, and date of birth, and made that information available to the public on Licking County Municipal Court's website.

13. To this date, that information is available on the Licking County Municipal Court's website.

14. Marcia Phelps, as Clerk of Court, is responsible for deciding what information is available on the Licking County Municipal Court's website. Phelps is responsible for the fact that "personal information" under the DPPA is available on the Licking County Municipal Court website.

15. The publication of my "personal information" on the Licking County Municipal Court's website served no function pertaining to the administration or adjudication of the traffic case.

16. I did not consent to the publication of my "personal information" or "highly restricted personal information".

17. When I realized that Moore had made my Social Security Number and "personal information" available to the public, I was shocked and became concerned that the information could be used for identity theft.

18. On May 21, 2017, I sent a letter to the three major credit bureaus (Experian, Equifax, TransUnion) warning them that my personal information had been made available to the public and requesting that they put a fraud alert in my credit record. I sent the warning letter by certified mail.

19. On Sept. 29, 2017, I was at Universal Studios Orlando. At the entrance of Universal Studios, several representatives of American Express were offering a free Fast Pass to anyone who applied for an American Express credit card, if the application was approved on the spot. In the hopes of getting a free Fast Pass, I applied for an American Express credit card and went through the very lengthy application on the sales representative's laptop. When I submitted my application, my application could not be approved on the spot due to the fraud alert on my credit record. As a result, I did not obtain the free Fast Pass.

20. The violation of my rights under the DPPA caused actual harm to me, including but not limited to, the time devoted to contacting the credit bureaus, the cost of postage to send my letters to the credit bureaus, and not getting the Fast Pass at Universal Studios.

## CLAIMS

### Violation of the DPPA by Moore

21. Moore may have had a legitimate purpose for obtaining my driving record from the BMV. However, Moore redisclosed that information in violation of 18 U.S.C. § 2721(c) by disclosing the information to the public without having a permissible use under 18 U.S.C. § 2721 for disclosing the information to the public.

4

22. Publication of my Social Security Number and "personal information" was completely unnecessary to the prosecution of the traffic case and served no prosecutorial function.

23. Moore failed to take steps that she easily could have taken to prevent my personal information from being publicized. Moore could have redacted my personal information from the copy of the discovery response that she filed with the court, or she could have filed the discovery response under seal, or she could have not filed it at all.

24. In fact, Moore violated Ohio law by not redacting my Social Security Number. Rule 45(D)(1) of the Rules of Superintendence for the courts of Ohio states that "When submitting a case document to a court or filing a case document with a clerk of court, a party to a judicial action or proceeding shall omit personal identifiers from the document." Rule 44(H) defines "personal identifiers" to include "social security numbers except for the last four digits". Rule 45(D)(3) states that "The responsibility for omitting personal identifiers from a case document submitted to a court or filed with a clerk of court pursuant to division (D)(1) of this rule shall rest solely with the party. The court or clerk is not required to review the case document to confirm that the party has omitted personal identifiers, and shall not refuse to accept or file the document on that basis." Ohio court records are public records and are available to the general public for inspection and copying. Rule 45(A); Ohio Rev. Code § 149.43.

25. Moore did not need to file the discovery response with the court. In fact, Ohio Civ.R. 5(D) states that discovery responses to requests for production shall not be filed until they are used in the proceeding, and Ohio Crim.R. 57(B) makes that civil rule applicable to criminal cases.

26. Moore resented the fact that her time was being expended on discovery and numerous pre-trial discovery motions for a minor misdemeanor traffic case, and resented the fact that even more of her time would be taken up during the trial. Moore made my SSN and personal information

available to the general public in bad faith and in order to retaliate against me for taking up her time.

27. As a further example of her bad faith in her discovery responses, she refused to provide discovery that I specifically requested and which was highly relevant to the traffic case. She refused to provide a copy of the Highway Patrol's dashcam recording of the traffic stop and she refused to provide two photos that she intended to use at trial. The Municipal Court ruled that Moore had violated the discovery rules and struck the two photos from being admitted into evidence and gave me time immediately before trial to review the dashcam recording. In other words, Moore refused to provide highly relevant evidence in her discovery response, while at the same time, she provided information that was not requested (my driving record) and then filed the response to make the highly restricted personal information in my driving record available to the public.

28. Moore has at least 12 years of experience as an assistant prosecutor.

29. From her experience as a prosecutor, Moore was fully aware that putting my SSN and other "personal information" in a public record put me at heightened risk for identity theft, stalking, and other crimes.

30. From her experience as a prosecutor, Moore was fully aware she was violating the Ohio rules of court by not redacting my SSN from a document filed with the court, and she was fully aware that she was violating the DPPA.

31. Moore knowingly disclosed personal information (as defined by the DPPA) from a motor vehicle record for a purpose not permitted by the DPPA.

32. Moore knew that she was violating the DPPA.

33. Moore willfully and recklessly violated the DPPA.

6

34. Moore acted manifestly outside the scope of her employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner.

### Violation of the DPPA by Phelps

35. Ohio recognizes that a date of birth is information that identifies an individual and is "personal information" under 18 U.S.C. § 2725(3).

36. Marcia Phelps is responsible for what information is provided on the Licking County Municipal Court's website. Marcia Phelps formulates, directs, and controls, or has authority to formulate, direct, and control, the policies regarding what information is placed on that website.

37. On information and belief, she made the decision to put the name, full address, and date of birth of persons accused of minor misdemeanor traffic violations on the Licking County Municipal Court's website.

38. Phelps knowingly disclosed personal information from a motor vehicle record for a purpose not permitted by the DPPA.

39. Phelps knew that making said information available to the public violates the DPPA.

### Claims against Licking County, Ohio and the city of Newark, Ohio

40. The Licking County Municipal Court's website is owned and financed by Licking County, Ohio and Newark, Ohio, and serves Licking County, Ohio and Newark, Ohio.

41. Phelps, as Clerk of Court, has the authority to formulate and control the official practice and policy of Licking County, Ohio and Newark, Ohio regarding what information is placed on the Licking County Municipal Court's website.

42. It is the official practice and policy of Licking County, Ohio and Newark, Ohio to put in a publicly-accessible place on the Licking County Municipal Court's website certain "personal

7

information" obtained from Ohio BMV records, to wit the name, full address, and date of birth, of persons accused or convicted of minor traffic infractions in Licking County.

43. Phelps' salary is paid by Licking County, Ohio.

44. The expenses of the Clerk of Court for Licking County Municipal Court are paid for by Licking County, Ohio and Newark, Ohio. For example, in 2017, Newark paid $1.3 million of the Clerk's expenses and Licking County paid $80,400.

45. Licking County and the City of Newark have the power to control what information about defendants in traffic cases is put on the Licking County Municipal Court's website. If the Clerk of Court puts information on the website that Licking County or the City of Newark finds objectionable, then Licking County or the City of Newark could force the Clerk to remove the information by defunding the website if the Clerk refuses.

WHEREFORE, I request the following relief:

1. Order Moore to pay liquidated damages in the amount of $2500 and punitive damages of not less than $17,500.

2. Declaratory judgment that Moore acted manifestly outside the scope of her employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner.

3. Order Phelps, Licking County, Ohio, Newark, Ohio, or a combination thereof, to pay liquidated damages in the amount of $2500.

4. Injunction prohibiting Moore, Newark, Ohio and Licking County, Ohio from violating the DPPA.

5. Order the Defendants to pay reasonable attorneys' fees and other litigation costs reasonably incurred.

Respectfully submitted,

*/s/ Vincent Lucas*

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff