# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **VINCENT LUCAS,** | ) | Case No. 2:18-cv-582 |
| | ) | |
| Plaintiff, | ) | Judge Watson |
| | ) | Magistrate Judge Vascura |
| v. | ) | |
| | ) | |
| **TRICIA MOORE,** *et al.,* | ) | **STIPULATED** |
| | ) | **PROTECTIVE** |
| Defendants. | ) | **ORDER** |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. For the purposes of this order, the term "document" shall be broadly construed and includes electronically stored information. All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. A party may designate

a computer file as confidential and restricted in disclosure under this Order by putting the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in the file name. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**. Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, personnel records, or such other sensitive information that is not publicly available.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. **Protection of Confidential Material**.

   a. **General Protections**. Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

1) **Counsel**. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

2) **Parties.** Parties and employees of a party to this Order. However, Medical and psychological records of Plaintiffs shall be disclosed only to counsel for the Defendants and employees and agents of counsel who have responsibility for the preparation and trial of the action. Such records shall not be disclosed to any other person without specific written consent by Plaintiffs' counsel.

3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

4) **Consultants, Investigators and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

5) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed

or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

d. **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

e. **Inadvertent Production.** If a party notifies the other parties that documents previously produced are intended to be protected by this Order, such documents shall be treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.".

6. **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal**. The parties should avoid filing entire pleadings under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

    a.    Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

    b.    Where agreement is not possible or adequate, before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, that party must follow the United States District Court, Southern District of Ohio, Eastern Division's local rule 5.2.1.[1]

    c.    To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

---

[1] "Unless permitted by statute, parties cannot file documents under seal without leave of Court. Upon obtaining leave of Court, litigants other than *pro se* litigants must file the documents electronically using the ECF system as provided in S.D. Ohio Civ. R. 5.1. *Pro se* litigants who have obtained leave must follow the procedures set forth in subsection (b). The Court may strike any document filed under seal if the filing party failed to obtain leave of Court."

d. If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

7. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8. **Clawback Agreement.** In the event a party inadvertently produces a document(s) that would otherwise be covered by the attorney client privilege, the work product protection doctrine, or a comparable privilege or protection, that party, may within seven (7) days after discovering the inadvertent disclosure, request that the protected document(s) be returned. Upon such a request, there is a presumption that the applicable privilege or protection has not been waived. The notified party shall make no further use of the protected document(s) and shall return the purportedly privilege document(s) within ten (10) working days. If the notified party wishes to challenge the applicability of the privilege or assert that the privilege has been waived, then, the other party shall, within ten (10) working days from the request for the return of the document(s), make a written submission to the Court. The party asserting the privilege shall respond within three (3) working days. The notified party shall promptly return or sequester and not use or disclose the document(s) until the claim of privilege is resolved by the Court.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. The existence of this Stipulated Protective Order does not shift the burden of proving that information has been properly designated as protected under Rule 26(c), which remains on the party designating the information as Confidential. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

   a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   b. **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to

further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

    c.    **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or

the parties is subject to protection under Federal Rules of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

*/s/ Chelsey M. Vascura*
MAGISTRATE JUDGE VASCURA

WE SO MOVE/STIPULATE and agree to abide by the terms of this Order:

*/s/ Patrick Kasson*
Patrick Kasson, Esq. (0055570)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; FAX (614)232-2410
pkasson@reminger.com
*Attorney for Defendants, Tricia Moore, Marica Phelps and City of Newark, Ohio*

*/s/ Vincent Lucas*
Vincent Lucas
vincentlucaslegal@gmail.com
*Plaintiff*

/s/ *Daniel Downey*
Daniel T. Downey (0063753)
Daniel A. Sabol (0096720)
ddowney@fisheldowney.com
dsabol@fisheldowney.com
*Attorneys for Defendant Licking County, Ohio*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VINCENT LUCAS,** | ) | Case No. 2:18-cv-582 |
| | ) | |
| **Plaintiffs,** | ) | **Judge Watson** |
| | ) | **Magistrate Judge Vascura** |
| v. | ) | |
| | ) | |
| **TRICIA MOORE,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the U.S. District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____      _____
                                                                Signature