**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Vincent Lucas, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:18-cv-582 |
| vs. | : | |
| | : | Judge Watson |
| Tricia Moore, et al., | : | Magistrate Judge Vascura |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS TRICIA MOORE AND THE CITY OF NEWARK'S MOTION FOR SUMMARY JUDGMENT

Now come Defendants, Tricia Moore ("Moore") and the City of Newark ("Newark"), by and through undersigned counsel, and move this Court for an Order granting summary judgment on all of Plaintiff's claims. Moore was prosecuting a criminal defendant, and as such, there was no statutory violation. There are no genuine issues of material fact and the law is clear, thus, summary judgment is appropriate. The legal basis and arguments supporting this conclusion are fully outlined in the attached Memorandum.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas Spyker (0098075)
**REMINGER CO., LPA**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311
(614) 232-2410—Fax
pkasson@reminger.com
tspyker@reminger.com
*Counsel for Defendants Tricia Moore,
Marcia Phelps and City of Newark, Ohio*

1

**MEMORANDUM**

**I.     PRELIMINARY STATEMENT**

This case presents the ironic spectacle of Plaintiff suing Ms. Moore for filing his driving record in a discovery packet, when Plaintiff also filed the exact same driving record – himself – with the Clerk of Courts.  In both instances, the filings were for the purpose of the criminal litigation.  Ms. Moore, a criminal prosecutor, filed her discovery packet with the Clerk of Courts to protect against any claimed *Brady* violation.  Plaintiff filed it claiming a *Brady* violation.  Because the Driver's Privacy Protection Act ("DPPA") allows the use of this information for criminal proceedings.

Moreover, all actions Ms. Moore took were in her capacity as a prosecutor.  She is thus entitled to prosecutorial immunity.  The Plaintiff's Complaint should thus be dismissed.

**II.    FACTUAL BACKGROUND**

On July 4, 2014, Plaintiff, Vincent Lucas ("Plaintiff"), was pulled over for a traffic violation. (Comp., ¶5).  He, of course, contested the violation. (*Id.*).  The case was assigned to Tricia Moore, Assistant Law Director for the City of Newark. (Moore Dep. 9:7-10; Lucas Dep. 26:23-24).  Ms. Moore produced discovery, and per normal practice, filed a copy of the discovery production with the Licking County Municipal Court ("LCMC"). (Moore Dep. 37:14-19).  Admittedly, this discovery contained an unredacted copy of Plaintiff's motor vehicle record. (Moore Dep. 35:8-9; *See Also* Plaintiff's MSJ Ex. J.).

On August 1, 2014, the day of trial, Plaintiff filed a motion to dismiss the traffic citation based in part on a discovery dispute. (*See* Phelps's Cross Mot. Summ. J., Ex. C, ECF 22-3.).  His motion accused Ms. Moore of intentionally withholding evidence. (*Id.*).  In support of his motion, Plaintiff filed a new copy of the produced discovery containing the **same unredacted record** plaintiff now complains Moore impermissibly filed. (*See* Phelps's Cross Mot. Summ. J., Ex C,

2

ECF 22-3; Plaintiff's Mot. Summ. J., Ex. J, ECF-16-7; Comp., ¶7). Having full access to discovery previously filed with the LCMC, the court ruled on the discovery dispute, finding no misconduct, but allowing Plaintiff time to view dash camera footage. (Lucas 33:9-13). Ultimately, Plaintiff was convicted. *See State v. Vincent Lucas*, 14TRD0765-A, (unpublished) (upheld on appeal).[1]

Nearly *three years* after Plaintiff filed a copy of his unredacted motor vehicle record with the LCMC, he went to the clerk's office to view the file to obtain evidence to file this lawsuit. (Lucas Dep. 60:3-7, 61:8-11; *see also* Lee Dep. 6:20-23). At the Clerk's office, Plaintiff spoke with deputy clerk, Donna Lee. (*Id.*). Plaintiff lied to Lee about his identity, stating he was not the defendant in the traffic case.[2] (*Id.*).

Ms. Lee offered Plaintiff a redacted print out of the electronic case file, but Plaintiff refused and requested to see the original hard copy. (Lee Dep. 7:2-12). Ms. Lee removed the copy of the motor vehicle record that Ms. Moore had filed as part of discovery. (*Id.*). Because Plaintiff was viewing the original case file, Ms. Lee required Plaintiff to stay at the clerk window to assure nothing was taken or copied from the file. (Lee Dep. 15:22-16:11). Plaintiff asked Ms. Lee to look at a document in the file, a copy of his unredacted motor vehicle record. (Lee Dep. 18:13-19:16). **The copy Plaintiff was viewing, was the copy he filed as part of his motion to dismiss**

---

[1] This Court recently took judicial notice that the docket for this case, and information related to the case, can be accessed through the LCMC website permissibly under the DPPA. (*See* Opinion and Order, ECF 32).

[2] Mr. Lucas has previously taken issue with the characterization of his conduct as "lying" or "deceit." (*See* Lucas Reply in Support, ECF 25). The evidence submitted by way of Mr. Lucas's own deposition fairly support that characterization. (Lucas Dep. 60:3-7, 61:8-11). Regardless, objections to evidentiary form issues, such as characterization, are premature at the summary judgment phase. *See Crisp Ents. v. Golden Eagle Ins. Co.*, C.D.Cal., 2016 U.S. Dist. LEXIS 28154, at *10 (Feb. 26, 2016). Moreover, mere issues of characterization do not create a genuine issue of material fact. *See Carney v. Am. Univ.*, 331 U.S.App.D.C. 416, 151 (1998).

**the traffic case.** (*Id.*). Because Plaintiff was able to view a copy of the motor vehicle record he filed as part of his own discovery motion, he sued Ms. Moore for a violation of the DPPA. (Compl., *generally*).

### III.  LAW AND ARGUMENT

#### A.  Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing there are no genuine issues of material fact. *Covington v. Knox County School System,* 205 F.3d 912, 915 (6th Cir.2000). The burden then shifts to the non-moving party to "set forth facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). A brief in opposition to a party's motion for summary judgment may be combined with a cross motion for summary judgment. *Farie v. Jeld-Wen, Inc.*, N.D. Ohio, 2010 U.S. Dist. LEXIS 24864, at *16 (Mar. 16, 2010).

#### B.  Moore had a permissible purpose in filing the motor vehicle record as part of discovery during the prosecution of a traffic case.

Broken into elements, the DPPA creates a civil cause of action against individuals who (1) knowingly; (2) obtain, disclose, or use personal information from a motor vehicle record; (3) for a non-permissible purpose. 18 U.S.C. § 2724; *see also McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir.2015). Plaintiff concedes that Ms. Moore had a permissible purpose for obtaining his record in connection with the criminal case. (Lucas Dep. 24:9-11). Thus, his allegation must pertain to either Ms. Moore's use or disclosure of his motor vehicle record. 18 U.S.C. § 2724; *see also McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir.2015).

Ms. Moore – who was prosecuting Plaintiff for a minor misdemeanor related to operating a motor vehicle – clearly had a permissible purpose when she filed his motor vehicle record as part

of a discovery packet during criminal proceedings.  Under the DPPA, personal information may be disclosed, *inter alia*, "use by any governmental agency, including any court or law enforcement agency, in carrying out its functions…" or "in connection with any civil, criminal, administrative, or arbitral **proceeding in any … local court** or agency…." 18 U.S.C. § 2721(b)(1), (4) (emphasis added).  A plaintiff has the burden of proving that disclosure of personal information was for a purpose not permitted under the DPPA.  *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, P.A.*, 525 F3d 1107, 111 (11th Cir. 2008).

In a traffic case, the criminal defendants traffic record is relevant evidence—which is why it was included in the discovery response.  (Moore Dep. 42:24).  It is well established that a criminal defendant is entitled to all evidence the prosecution has in its possession.  *See Brady v. Maryland*, 373 U.S. 83, 83 (1963).  As such, it is common practice in Ms. Moore's jurisdiction to file a complete copy of discovery with the court, assuring there is an independent record of evidence produced to the criminal defendant. (Moore Dep. 37:1-7).  This practice serves a dual purpose of protecting the criminal defendant's right to evidence while also creating a record in the event of a discovery violation.  While allegations of a *Brady* violation may seem unlikely in minor traffic cases, it is possible, and the filing practice is a prudent precaution.

Indeed, Plaintiff proved this point when he accused Ms. Moore of a *Brady* violation during the 2014 traffic case. (*See* Phelps's Cross Mot. Summ. J., Ex C, ECF 22-3).  At the time, Plaintiff wrote: "[Ms. Moore] knows that her case has no merit, and that any video by the patrol officer will also be exculpatory, and so she has resorted to obstructing my right to examine exculpatory evidence."  This is not a benign allegation.  Intentionally withholding exculpatory evidence is among the most serious charges a prosecutor, at any level, may face in their career.  This is the

exact reason Ms. Moore took the precaution of filing her discovery with the LCMC. (Moore Dep. 37:1-7).

The Court relied on Ms. Moore's prior discovery filing to determine what she had already turned over and ultimately issued a ruling favorable to Plaintiff.[3] Plaintiff himself admits the relevance of this:

> Q: You would say the fact [the judge] had access to the discovery responses was relevant to the traffic case at hand?
> A: Okay, okay.
> Q: That was a yes?
> A: Yes.

(Lucas Dep. 35:15-20). Filing discovery as a practice assures there is a record for the court to reference if there is a dispute. This is undoubtedly a permissible use of information under the DPPA. 18 U.S.C. § 2721(b)(1), (4).

Plaintiff had a front row seat to the practicality of the DPPA's exception when he saw his discovery dispute adjudicated in real time, the day of his criminal trial. Because Plaintiff can offer no evidence that Ms. Moore's use was not for a permissible purpose under the DPPA, his claim fails, and summary judgment should be granted. *See* 18 U.S.C. § 2721(b)(1), (4); *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, P.A.*, 525 F3d 1107, 111 (11th Cir. 2008).

### D. Plaintiff's claim fails because he filed the same unredacted copy of his record with the court.

Essentially, Plaintiff's Complaint alleges that Ms. Moore is liable under the DPPA because the record she filed became a part of the case file accessible to the public through the clerk's office.

---

[3] The Judge did not find any discovery violation, or **any** misconduct, but offered Mr. Lucas a choice between a continuance to view a dash camera recording or the opportunity to view it in the court room prior to trial.

(*See* Compl., generally). Obviously, Ms. Moore had no control over what the clerk's office did with the traffic file after prosecution. However, even if the Court analyzed events that took place after Ms. Moore permissibly used the motor vehicle record as part of a criminal proceeding, there is clearly no civil liability because:

1. The specific record in question was a copy Plaintiff filed with the LCMC; and
2. Ms. Moore was under no duty to redact the record once she had a permissible purpose.

Either of these reasons independently is grounds to grant summary judgment.

### 1. The record Plaintiff viewed was the copy he filed with the LCMC.

Plaintiff was able to walk into the LCMC's office, deceive a deputy clerk about his identity, and then view the copy of a record **he** filed with that court. (Lucas Dep. 60:3-7, 61:8-11; *see also* Lee Dep. 6:20-23). His Complaint seeks to hold Ms. Moore liable for this. (*See* Phelps's Cross Mot. Summ. J., Ex C, ECF 22-3; *see also* Lee Dep. 6:20-23). Surely, Ms. Moore cannot be held liable for a person's ability to view a copy of a record that same person previously filed with the court. This is a position so ludicrous (not to mention ironic) that there is no legal authority analyzing this application of the DPPA.[4] Nonetheless, a mere review of the facts shows there is no civil liability here. Justice William Douglas offers a simple yet elegant summation which seems fitting here: "That seems to us to be the common sense of the matter; and common sense often makes good law." *Peak v. United States*, 353 U.S. 43, 46, 77 (1957). As a matter of common sense, Ms. Moore did not violate the DPPA when Plaintiff viewed his own record, which he filed with the court. Summary judgment should be granted.

### 2. The DPPA does not require Ms. Moore to redact the record.

---

[4] Nothing in the DPPA itself creates this type of liability.

Ms. Moore had a permissible purpose in filing Plaintiff's record. The DPPA does not impose any further restrictions or requirements when information is used for a permissible purpose, indeed, the DPPA was never intended to be a set of best practices. *See Senne v. Vill. Of Palatine* 695 F.3d 597, (7th Cir. 2012) fn 12 ("We pause to emphasize we do not read 'use' to mean 'necessary use,' nor do we require the Village to adopt some form of 'best practices' not commanded by the statute"). Because Ms. Moore had a permissible use under the DPPA, she was not required to redact the record and is entitled to summary judgment.

   **E. Ms. Moore is immune from civil liability on Plaintiff's claim.**

The general applicability of common law immunities to statutory violations of the DPPA has been briefed at length in this case. (*See* Phelps's Cross Mot. Summ. J ECF 22; Plaintiff's Brief Opp., ECF 25; Phelps's Reply in Sup., ECF 34). Common law immunities apply to the DPPA. Specifically, Ms. Moore is entitled to absolute prosecutorial immunity and qualified immunity.

   **1. Ms. Moore is entitled to absolute prosecutorial immunity because filing criminal discovery is intimately associated with the judicial process.**

A state prosecutor is entitled to absolute immunity from claims of civil liability when acting as an advocate for the state by engaging in conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976). **<u>Unquestionably, absolute prosecutorial immunity applies to issues related to criminal discovery.</u>** *See Knight v. Montgomery Cty. Circuit Court*, M.D.Tenn. 2015 U.S. Dist. LEXIS 61280, at *8 (May 8, 2015) (criminal discovery is "intimately associated with the judicial phase of the case and a prosecutor is entitled to absolute immunity); *see also Simons v. Bellinger,* 207 U.S.App.D.C. 24, 643 F.2d 774, 809 (1980), fn. 48.

Here, Ms. Moore was a prosecutor for the City of Newark. (Compl., ¶3). At all times relevant to Plaintiff's Complaint, she was acting in that role. (Compl., ¶ 3). Plaintiff's allegations

center on what Moore filed as a part of her discovery with the LCMC—an act intimately associated with the judicial phase of the criminal proceedings. Moore is undeniably entitled to absolute immunity and thus summary judgment should be granted.

### 2. Ms. Moore is entitled to qualified immunity.

The Sixth Circuit has held that a government official can invoke qualified immunity as a defense against a violation of the DPPA. *See, e.g.*, *Roth v. Guzman,* 650 F.3d 603, (6th Cir.2011) at 620. In *Roth*, the Sixth Circuit reversed the trial court's denial of qualified immunity to state officials accused of violating the DPPA. *Id*. The court held that the specific purported violation of the DPPA (stockpiling or bulk disclosures of personal information for a permissible purpose) was not clearly established at the time.

The Supreme Court has established a two-part analysis for determining whether a government official is entitled to qualified immunity. *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001) (internal citations omitted). When qualified immunity is raised, courts must decide: (1) whether the conduct of the official violated a constitutional or statutory right; and (2) whether the right was clearly established at the time of the alleged violation. *Id*. The second step involves an analysis as to whether it was clear to a reasonable official in the same situation that the right was violated. *Id*. The plaintiff has the burden of showing that the defendant is not entitled to qualified immunity. *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991). If there are no facts showing a constitutional or statutory violation, there is no need to move to the second step. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Undeniably, Ms. Moore is the type of government official entitled to evoke a qualified immunity defense. (Compl., ¶3). For the reasons argued in this Motion, Ms. Moore did not violate a statutory right, specifically the DPPA—satisfying the first step of the analysis. Even if this Court

9

concluded the DPPA was violated, Ms. Moore is still entitled to qualified immunity because neither the DPPA, nor case law interpreting the DPPA, show a clearly established right. *Katz*, F.3d at 550; *Wilcox*, 2018 U.S. Dist. LEXIS 215833 at *22.  A right is clearly established when a reasonable official would understand that his or her actions are violating the right. *Anderson*, 483 U.S. at 640.  The right must be clearly established "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, (2011).

Simply put, a reasonable prosecutor would not know that she could not file a criminal defendant's motor vehicle record with a court as part of the prosecution of the traffic violation. Plaintiff can point to nothing in the DPPA, nor the cases interpreting it that would establish this right "beyond debate" as required to survive summary judgment. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, (2011).  Therefore, Ms. Moore is entitled to qualified immunity.

### E. Newark cannot be held vicariously liable because there is no underlying violation.

No Circuit Court has addressed whether vicarious liability applies to the DPPA and the various district courts are split on this issue. *See generally, Orduno v. Pietrzak*, D.Minn., 2017 U.S. Dist. LEXIS 160860, at *14 (Sep. 29, 2017).  No district court in this circuit has specifically addressed the issue.  However, even when assuming vicarious liability applies to the DPPA, Newark is entitled to judgment as a matter of law.

Plaintiff's allegations, as they pertain to the City of Newark, are strictly related to the City's vicarious liability for its employees' actions and material on the LCMC website. (*See* Compl., ¶¶40-45; *see also* Lucas Dep. 26:10-21).  As this Court previously ruled, there is no DPPA violation as it pertains to information used on LCMC website. (*See* Opinion and Order, ECF No. 32).

As argued in this Motion, and Phelps's Cross Motion for Summary Judgment, there is no underlying violation and thus can be no employer vicarious liability. *See generally, Nixon v. Wilmington Trust Co.*, N.D.Ohio, 2007 U.S. Dist. LEXIS 53931, at *11 (July 25, 2007). As such, Newark is entitled to summary judgment.

## IV. CONCLUSION

Plaintiff sued Ms. Moore for filing the exact same document with the Clerk of Courts, which the Plaintiff, himself, chose to file – unredacted. The Plaintiff's decision to file his driving record – unredacted – clearly shows that this lawsuit is simply a retaliatory piece of litigation, resulting from Plaintiff's disappointment in his conviction by Ms. Moore. Because Ms. Moore has both immunity and her actions were within the scope of her role as prosecuting Mr. Lucas, Mr. Lucas' Complaint should be dismissed.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas Spyker (0098075)
**REMINGER CO., LPA**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311
(614) 232-2410—Fax
pkasson@reminger.com
tspyker@reminger.com
*Counsel for Defendants Tricia Moore,
Marcia Phelps and City of Newark, Ohio*

## **CERTIFICATE OF SERVICE**

      I hereby certify a true and accurate copy of the foregoing document was served via the court's electronic filing system and/or e-mail on this 12th day of April 2019, upon the parties:

Vincent Lucas
PO Box 272
Amelia, Ohio 45102
513-947-1695 – phone
vincentlucaslegal@gmail.com
*Plaintiff*

Daniel T. Downey (0063753)
Daniel A. Sabol (0096720)
FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
614-221-1216 – phone
614-221-8769 – fax
ddowney@fisheldowney.com
dsabol@fisheldowney.com
*Counsel for Defendant Licking County*

                                              */s/ Patrick Kasson*
                                              Patrick Kasson (0055570)