# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**VINCENT LUCAS,**

    **Plaintiff,**

v.                                            Civil Action 2:18-cv-582
                                             Judge Michael H. Watson
                                             Magistrate Judge Chelsey M. Vascura

**TRICIA MOORE,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Discovery Sanctions (ECF No. 73). For the following reasons, Plaintiff's Motion is **DENIED**.

On July 4, 2014, Plaintiff was charged with a minor misdemeanor traffic offense. (Compl. ¶ 5, ECF No. 1.) Plaintiff contested the violation, and the case went to trial. The present case stems from information about Plaintiff (including, *inter alia*, his social security number and date of birth) that was posted to the Municipal Court's public docket as part of a discovery response produced by Defendant Tricia Moore, assistant Law Director for the City of Newark.

Years after the trial of the traffic offense, Plaintiff realized that the discovery documents in his traffic case were unredacted, unsealed, and thus available to the public. (Compl. ¶ 8, ECF No. 1.) He found that out when he went to the Municipal Courts Clerk's Office and requested to see a copy of his complete file. (Lucas Aff. ¶¶ 1–2, ECF No. 48-1.) Upon receiving a copy of his file with Moore's unredacted discovery disclosure included, Plaintiff commenced the present

action alleging violations of the Driver's Privacy Protection Act (18 U.S.C. § 2721, *et seq.*, "DPPA"). (Compl., ECF No. 1.)

During discovery, Plaintiff served Defendants with several Requests for Admission ("RFAs"), of which Moore denied RFA Nos. 2–8, either in whole or in part. (Defs.' Disc. Resps., ECF No. 73-1.) Of relevance to this Motion is RFA No. 2, which stated: "Admit that the discovery response that you filed in the 2014 Traffic Case became a public record which could be viewed by a member of the public by coming to the courthouse and asking to see the full case file for the 2014 Traffic Case." (ECF No. 73-1.) Moore responded: "Admit to the extent that anything filed with the Court is a public record. Deny the remaining request for want of knowledge." (*Id.*)

Plaintiff subsequently requested the depositions of Ms. Moore and Donna Lees, Deputy Clerk of the Licking County Municipal Court. Prior to these depositions, Plaintiff sent an email to Defendants' counsel stating that Ms. Lees's deposition could be avoided if Ms. Moore would amend her discovery responses to admit RFA No. 2. (Emails, ECF No. 73-2.) Ms. Lees's deposition was the only discovery that Plaintiff suggested could be avoided by Ms. Moore's amending her discovery responses, and RFA No. 2 was the only discovery response that Plaintiff suggested was necessary to amend to avoid Ms. Lees's deposition. (*Id.*) Ms. Moore declined to amend her response to RFA No. 2, and the depositions of both Ms. Moore and Ms. Lee went forward.

On September 12, 2019, this Court granted summary judgment for Defendants. (ECF No. 63.) Defendants submitted their bill of costs on October 22, 2019. (ECF No. 71.) Plaintiff filed the present Motion for Sanctions on November 4, 2019, asserting that Ms. Moore should be required to pay the costs of deposing Ms. Moore and Ms. Lees as a sanction for refusing to admit

RFA Nos. 2–5, 7–8. (ECF No. 73.) He asserts that neither of these depositions would have been necessary had Ms. Moore admitted the RFAs in question. (*Id.*)

Federal Rule of Civil Procedure 37(c)(2) provides:

> **FRCP 37(c)(2) *Failure to Admit.*** If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney s fees, incurred in making that proof. The court must so order unless:
>
> **(A)** the request was held objectionable under Rule 36(a);
>
> **(B)** the admission sought was of no substantial importance;
>
> **(C)** the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> **(D)** there was other good reason for the failure to admit.

Further, this Court's Local Rule 37.1 requires that "motions . . . related to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."

Here, Plaintiff did not attempt any extrajudicial means to avoid the costs of deposing Ms. Moore. The email correspondence between the parties was limited to the possible avoidance of Ms. Lees's deposition. Plaintiff therefore cannot avail himself of Rule 37(b)(2)'s cost shifting provisions as to Ms. Moore's deposition.

Further, although Plaintiff did attempt extrajudicial means to avoid Ms. Lees's deposition by requesting that Ms. Moore admit RFA No. 2, a critical prerequisite of Rule 37(b)(2) was not met: namely, Plaintiff did not prove the truth of the matters in RFA No. 2. The parties continue to dispute the fact of whether a member of the public could review an unredacted copy of Ms. Moore's discovery response, and the Court found it unnecessary to resolve that dispute in granting summary judgment. (*See* Order Granting Summ. J. 20, holding that, even assuming the

3

discovery response and Plaintiff's personal information contained therein were viewable by the public, summary judgment was nevertheless appropriate because "[a]t the end of the day, there is no dispute of material fact that Moore used and disclosed Plaintiff's personal information for permissible purposes under 18 U.S.C. §§ 2721(b)(1) and (4).")

Accordingly, Plaintiff has not met the requirements of Federal Rule of Civil Procedure 37(b)(2) or Local Rule 37.1 regarding Ms. Moore's or Ms. Lees's depositions. His Motion for Sanctions under Rule 37(b)(2) is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE